Filed 5/21/14  P. v. Johnston CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TOMMY RAY JOHNSTON,<br><br>        Defendant and Appellant. | A139258<br><br>(Alameda County<br>Super. Ct. No. CH50323) |

**I.**

**INTRODUCTION**

After appellant Tommy Ray Johnston pleaded no contest to carjacking and admitted the personal use of a firearm in the commission of the carjacking, the trial court imposed an aggregate state prison term of 19 years.  The only issue appellant raises on appeal is that the trial court erred in its calculation and imposition of an aggregate restitution fund fine of $5,320 instead of $3,800—an error totaling $1,520.  Because his attorney failed to object to the higher fine amount, appellant asserts that, if his objection to the higher fine was forfeited, his counsel was ineffective in not objecting.

Although the forfeiture rule may very well apply, in order to forestall further litigation over this issue, we exercise our discretion and reach the merits of appellant's claim.  It is clear to us that the trial court relied on the probation department's suggested fine calculation that was based on a minimum fine available at the time of sentencing ($280), rather than that set forth by statute at the time of the underlying offense ($200).

Therefore, we order the restitution fine reduced to $3,800, and the abstract of judgment modified accordingly.

## II.

## PROCEDURAL HISTORY[1]

On April 11, 2011, the Alameda County District Attorney filed a felony information charging appellant with one count of carjacking (Pen. Code, § 215, subd. (a)),[2] and one count of robbery (§ 211).  The crimes were alleged to have been committed on January 8, 2011.  The information also alleged, in committing these crimes, appellant personally used a firearm, within the meaning of sections 12022.5, subdivision (a), and 12022.53, subdivisions (b) and (g).  Several other sentencing enhancements, not directly relevant to this appeal, were also alleged in the information.

On April 12, 2013, pursuant to a negotiated plea agreement, appellant pleaded no contest to one count of carjacking and admitted the personal use of a firearm relating to that crime.  The remaining counts and allegations were dismissed, and the matter was set for sentencing on May 10, 2013.

Prior to sentencing, a probation officer's report and recommendation (probation report) was prepared and submitted to the court.  As is material here, included in the probation report's recommendations was that a restitution fine under section 1202.4, subdivision (b)(1) be imposed in the total amount of $5,320.  No computation was provided indicating how the probation department arrived at that sum.

Sentencing took place on May 10, 2013.  The court reporter's transcript of the sentencing hearing is one page, consisting of the following:

"THE COURT: [Appellant] is represented by Mr. Hong; the People by Mr. Burke.

"Any legal cause?

"MR. HONG: No, Your Honor.

---

[1]  Because of the nature of the single issue raised on appeal, we need not recite in detail the procedural history and facts underlying this criminal case.

[2] All further statutory references are to the Penal Code, unless otherwise indicated.

2

"THE COURT: By agreement, the two probation violations have already been violated and they will now each be terminated. That's docket 419178 and docket H49333.

"And in the remaining docket, H50323, [appellant] will receive 19 years state prison at 85 percent.

"That 19 years state prison at 85 percent will be calculated as follows. On the [section] 215, he'll receive the upper term of nine years, and consecutive to that, on the use clause, he'll receive 10 additional years, for a total of 19 years.

"His credits at 85 percent are?

"THE BAILIFF: 843 plus 126, for 969.

"THE COURT: You'll also pay a restitution fine in the amount of $5,320; a parole restitution fine in the same amount which will be suspended unless it's revoked.

"I'll make the following civil orders: Probation investigation fee of $710, a $40 court operations assessment, and a $30 criminal conviction assessment.

"Mr. Hong, anything further?

"MR. HONG: No, Your Honor. Thank you.

"THE COURT: The sheriff will transport [appellant] to the Department of Corrections."

No objections or other comments were made during this very brief proceeding.

## III.

## DISCUSSION

The record leaves virtually no doubt that the trial court recited the amount of the restitution fine to be imposed directly from the probation report, which the trial court signed as having been "read and considered" on the date of sentencing. In setting the restitution fine, section 1202.4, subdivision (b)(2) provides: "In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (§ 1202.4, subd. (b)(2).)

3

While the formula under section 1202.4 remained intact from the time of the underlying offense until sentencing, the "product" of the formula had changed. At the time of the offense for which appellant was sentenced, the minimum restitution fine was $200 (§ 1202.4, subd. (b)(1)). Multiplying that amount by the number of years in state prison to which appellant was sentenced totals $3,800. However, between the time the crime was committed and the time of sentencing, that "product" had changed twice; to $240 effective January 1, 2012, and to $280 effective January 1, 2013 (§ 1202.4, subd. (b)(1)). Using the $280 minimum fine amount multiplied by the number of years of imprisonment yields a total of $5,320, the amount recommended by the probation report, which was the amount imposed by the trial court at the brief sentencing hearing.

Unmistakably, an error was made. The Attorney General does not challenge this conclusion but instead argues that the objection was forfeited because appellant's counsel failed to object, and also that the trial court had the discretion to depart from the formula provided in section 1202.4, subdivision (b)(2) "commensurate with the seriousness of the crime" so long as the maximum amount of the restitution fine did not exceed $10,000 (§ 1202.4, subd. (b)(1)).

As to the latter point, there is no indication that the imposition of the higher amount was imposed here based on an independent exercise of discretion by the trial court. Instead, it is clear that the court intended to impose the statutory minimum recommended by the probation department, and relied on the total amount suggested in that report. Therefore, while the higher amount *could* be imposed in the exercise of discretion, there is nothing to indicate that was the reason it was done here.

As to the former point, yes, there is authority that would allow the forfeiture rule to be applied here. But, to what end? The citizens of this state have already financed the necessary expense, far beyond the amount in controversy, required to pursue this appeal to its ultimate conclusion. Is there reason to deplete more taxpayer dollars in order to deflect correction of an undeniable error until future proceedings are inevitably brought

based on ineffective assistance of counsel?[3] No, and to exalt the forfeiture rule in this case to end this matter temporarily would work an injustice.

Can we fairly cast blame for this mistake exclusively on appellant's trial counsel? Should the blame be shared by the probation department that deals with such matters as restitution fines daily, and likely should be charged with knowledge of changes in this common statute that is routinely utilized during that agency's diurnal functioning? Can the prosecutor remain blameless for silently standing by and not recognizing and calling attention to an error, perhaps trivial in nature, but one likely to open the heavens of appellate retribution?

What of the "captain of the ship"—the trial judge? Undoubtedly faced with a tortuous daily calendar of which our single sheet of sentencing transcript reflects but a blink of the judicial eye in Department 513 on May 10, 2013, can we excuse the judge for not pausing during the maelstrom of criminal calendar activity to double-check the calculations made by overworked court adjuncts whose services are indispensible to the expedient and fair administration of justice?

No, application of the forfeiture rule here either would unfairly prejudice the appellant, or would lead inevitably to a petition for habeas corpus raising the suggested ineffective assistance of counsel claim. Instead, the interest of justice demands that we correct the mistake, and move on. However, in passing, hopefully someone within the limited audience of this unpublished opinion will read this panel's soliloquy, and be moved to pay attention to such pedantic details as restitution fines in future cases of violent felonies, and not be myopically focused on the duration of the alleged miscreant's separation from society as the sine qua non of felony sentencing.

---

[3] The record is silent as to why defense counsel did not object, and we cannot rule out that the failure to object was justified. "If the record on appeal fails to show why [trial] counsel acted or failed to act in the instance asserted to be ineffective, unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation, the claim must be rejected on appeal. . . ." (*People v. Kraft* (2000) 23 Cal.4th 978, 1068-1069; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-268.)

## IV.

## DISPOSITION

The restitution fine levied under section 1202.4, subdivision (b)(2) in the amount of $5,320 is hereby reduced to $3,800. The abstract of judgment is ordered to be corrected to reflect this reduction. The judgment is otherwise affirmed.


_____
RUVOLO, P. J.


We concur:


_____
REARDON, J.


_____
HUMES, J.

6