Filed 1/29/16  P. v. Carbajal CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GEORGE CARBAJAL,<br><br>    Defendant and Appellant. | D068327<br><br><br><br>(Super. Ct. No. SPV00513) |


APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Stephen M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from an order revoking parole for George Carbajal, and the imposition of an 89-day sentence with credit for time served.  The appellate briefing is

based entirely on issues never raised in the trial court, and for which there is no developed trial court record from which we could rationally resolve the hypothetical issues raised on this appeal. Accordingly, we will find all of the contentions to be forfeited and find there is no basis for the predictable claim of ineffective assistance of trial counsel for failure to raise issues deemed important by appellate counsel.

In July 2006, Carbajal was convicted of second degree burglary (Pen. Code, § 459) and sentenced to two years in prison. Carbajal was released from prison, on parole in July 2007. Carbajal absconded from parole on numerous occasions and had a number of separate parole violations. As a result, Carbajal's discharge date had been tolled until March 2016.

In March 2015 parole authorities filed a petition to again revoke Carbajal's parole. A contested hearing followed and the court ultimately revoked parole and imposed an 89-day sentence.

Carbajal appeals contending the policy of the El Centro parole office to require him, as a homeless parolee, to report in person weekly at the parole office was unlawful for multiple reasons. Appellate counsel argues, for the first time on appeal, that the reporting policy constituted an "underground" regulation in violation of the Administrative Procedure Act (Gov. Code, § 11340, et. seq.; *Reilly v. Superior Court* (2013) 57 Cal.4th 641, 649); the policy is unreasonable and violates the Fourteenth Amendment; and that the issues have not been forfeited because they present only pure questions of law. Finally, counsel contends that if the issues are deemed forfeited, trial counsel was ineffective under the Sixth and Fourteenth Amendments for not raising them

2

in the trial court. As we have previously observed, we find the "substantive" issues have been forfeited. We will also find Carbajal has not met his burden to show that trial counsel was ineffective or that any alleged failing by trial counsel caused Carbajal prejudice.

## STATEMENT OF FACTS

We have already discussed the history of Carbajal's parole difficulties. When he was again placed on parole in El Centro, his agent placed several conditions on his activities. Relevant here is that because Carbajal was homeless he was to report in person each week until he acquired stable housing. He was also required to call each day, but weekly appearances would forgive any failure to call.

On October 13, 2014, Carbajal signed an acknowledgement of his conditions of parole. Carbajal did not report in any fashion after November 2014. He was arrested when he attempted to cross the border into the United States from Mexico.

## DISCUSSION

### A. Alleged Underground Regulation

Carbajal contends, for the first time on appeal, that the conditions imposed on him by the El Centro agent amounted to an underground regulation subject to the Administrative Procedure Act. He contends it was a regulation of general application and was subject to the adoption procedures of the Act. (Gov. Code, § 11342.600; *Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal.4th 557, 571.) In order to challenge a regulation, the issue of its improper adoption must be timely raised. (*Reilly v. Superior Court, supra*, 57 Cal.4th at p. 649.) Failure to timely raise such objection forfeits the

3

issue for appellate review.  (*People v. Taylor* (2009) 174 Cal.App.4th 920, 937; *People v. Medina* (2009) 171 Cal.App.4th 805, 817-819.)

Carbajal contends the issue should not be forfeited because it presents only a question of law.  We disagree.  Since the issue was never raised, we have no information on the source of the policy followed by the agent in this case.  We do not know its "general application," or even if such policy exists outside of the El Centro office.  Without knowing the factual circumstances such as the source of the policy, the full text of any such policy or the scope of its application, we can only speculate as to whether it was an "underground regulation."  We decline to speculate on a barren record and find this contention has been forfeited.

### B.  The Reporting Requirements Were Reasonable

Carbajal contends, again for the first time on appeal, that the weekly reporting requirement was unreasonable because he was homeless.  Again we find the issue has been forfeited.  The absence of discussion of this issue in the trial court deprives us of a record from which we could assess the issue of reasonableness.

In any event, nothing on the record before us raises any concern regarding the reasonableness of the parole policy.  Carbajal had repeatedly absconded from parole.  Although he has had periods in which he was homeless, it has never impaired his mobility.  As exemplified by his last arrest, he had not reported to the El Centro office for months, but was able to travel to Mexico whenever he wished to do so.  The fact Carbajal was still on parole after being released from prison in 2007 demonstrates his ability to travel and his lack of interest in complying with the conditions of his parole.

4

Appellate counsel seeks to compare the weekly reporting requirement for Carbajal with other reporting requirements he has located in the parole regulations. We decline to engage in such comparative analysis on a record that provides an inadequate basis for such review.

The state may impose any condition on a parolee that is reasonably related to parole supervision. (*In re Hudson* (2006) 143 Cal.App.4th 1, 9.) Reasonable conditions include the requirement to periodically report to the parole agent. (*Terhune v. Superior Court* (1998) 65 Cal.App.4th 864, 874.)

Given the lengthy and dismal history of noncompliance with parole conditions by Carbajal, and the absence of any record to demonstrate otherwise, we are satisfied the parole conditions in this case were proper and reasonable.

## C. Ineffective Assistance of Counsel

Carbajal contends the failure of trial counsel to raise the current challenges to his parole conditions amounted to ineffective assistance of counsel. Carbajal recognizes that the Sixth Amendment right to counsel does not apply to parole proceedings. He argues that although there is no absolute right to counsel in parole proceedings, often principles of fundamental fairness will require counsel in a specific case. (*Gagnon v. Scarpelli* (1973) 411 U.S. 778, 781.) The California courts have interpreted *Gagnon* as creating a presumption for the right to counsel where necessary to a fair revocation process. (*In re Love* (1974) 11 Cal.3d 179, 186.) Thus any right to counsel in parole proceedings arises from the due process clause of the Fourteenth Amendment. From that premise, Carbajal argues due process is denied where counsel provides ineffective representation. He urges

5

this court to apply the standards set forth in the Sixth Amendment cases arising from *Strickland v. Washington* (1984) 466 U.S. 668 (*Strickland*).

We will not pause to examine in depth the extent to which the *Strickland* standards should be applied to the actions of counsel in parole revocation proceedings. Even if we applied *Strickland* to this case we would find no ineffective assistance. Under *Strickland, supra,* 466 U.S. 668 the burden is on the defendant to prove counsel's performance was not only defective, but that in the absence of the error the client likely would have obtained a different result. Carbajal does not even come close on either of the *Strickland* prongs.

Trial counsel vigorously challenged the validity of keeping Carbajal on parole for years beyond the normal discharge time. Counsel forced parole authorities to present further proof justifying their calculations. On this record counsel employed a very legitimate strategy to represent the client. We must afford considerable deference to counsel's tactical choices.

We cannot say, on the record before us, that there would be even the hint of merit to the underground regulation issue, since there is nothing in the record on which we could base such analysis. Nor can we say that the current claim that requiring a homeless parolee to report once a week is unduly burdensome or unreasonable. As the court observed in *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267, where the record does not explain why a motion or objection was not made, it is often difficult to assess the representation by counsel. The appropriate remedy in such cases may be by writ of habeas corpus where the reasons for nonaction can be explored and evaluated. In any

6

event this record does not support a claim of ineffective assistance of counsel even if such claim might arise from the due process clause.

DISPOSITION

The order revoking parole is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

PRAGER, J.*

---

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7