[No. B043407. Second Dist., Div. Seven. May 20, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
ABEL ENRIQUE CABRERA, Defendant and Appellant.

[No. B054696. Second Dist., Div. Seven. May 20, 1991.]

In re ABEL ENRIQUE CABRERA on Habeas Corpus.

## COUNSEL

Fern M. Laethem, State Public Defender, under appointment by the Court of Appeal, and Lisa Ferreira, Deputy State Public Defender, for Defendant and Appellant and for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Linda C. Johnson and Andrew D. Amerson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### JOHNSON, J.—

#### FACTS AND PROCEEDINGS BELOW

Defendant was convicted of committing lewd acts upon a child, his stepdaughter, I. He appeals and seeks relief via habeas corpus on the ground of juror misconduct. We ordered the petition for habeas corpus considered with defendant's appeal.

Following defendant's conviction, his counsel learned that during deliberation some of the Spanish-speaking jurors had expressed disagreement with some of the English translation of defendant's testimony given in Spanish. Specifically, Juror Leon told her fellow jurors defendant testified he had "pushed" I. when attempting to get her to do her chores rather than that he "touched" her, as the interpreter translated his testimony. According to a statement Ms. Leon made to defendant's investigator, other Spanish-speaking jurors also retranslated portions of the testimony for the benefit of the non-Spanish-speaking jurors. There is no evidence as to the specific retranslations by these other jurors.

Defendant brought the matter of the retranslations to the trial court's attention through a motion for new trial. The trial court was not asked to, and did not, conduct an evidentiary hearing into the alleged misconduct or its potential prejudice to defendant. The trial court found the jurors' actions constituted misconduct but there was no prejudice to defendant.

For the reasons set forth below, we affirm the judgment and deny the writ.

## ISSUES

1. Did a juror commit misconduct in retranslating for other jurors a portion of testimony as translated by the court interpreter?

2. If so, was this misconduct prejudicial under the facts of this case?

3. Where there was evidence other Spanish-speaking members of the jury told the non-Spanish-speaking jurors the court interpreter made mistakes in translating testimony from Spanish to English and retranslated some of the testimony for the other jurors, did the trial court err in not conducting an evidentiary hearing into the nature, scope and potential prejudice to defendant of the retranslated testimony?

## DISCUSSION

### I. IT IS MISCONDUCT FOR A JUROR TO RETRANSLATE FOR OTHER JURORS THE TESTIMONY AS TRANSLATED BY THE COURT-APPOINTED INTERPRETER.

 Ms. Leon committed misconduct when she gave her fellow jurors her own version of defendant's Spanish-language testimony. Although there are no California cases on point, we note Penal Code section 1181, subdivision 2 authorizes a new trial "[w]hen the jury has received any evidence out of court . . . ." It is well settled a juror may not conduct an independent investigation into the facts of the case (*People* v. *Pierce* (1979) 24 Cal.3d 199, 207 [155 Cal.Rptr. 657, 595 P.2d 91]) or gather evidence from outside sources and bring it into the jury room. (*People* v. *Martinez* (1978) 82 Cal.App.3d 1, 21 [147 Cal.Rptr. 208].) It is also misconduct for a juror to inject his or her own expertise into the jury's deliberation. (*People* v. *Marshall* (1990) 50 Cal.3d 907, 950 [269 Cal.Rptr. 269, 790 P.2d 676].)

 We find an apt analogy to the present case in *Hutchens* v. *State* (Fla.Dist.Ct.App. 1985) 469 So.2d 924. In *Hutchens*, the court reversed the defendant's conviction because the trial court allowed the jury to listen to 40

minutes of a tape recording in Spanish which purported to implicate defendant in the crime charged. Two of the jurors understood Spanish, the rest did not. No English translation of the tape was provided to the jury. The court reasoned:

"Even if, as the State suggests, a translation of the recording would reveal that the conversations thereon are totally admissible, we nonetheless must conclude that the potential of some members of the jury interpreting the otherwise incomprehensible testimony for other members of the jury is so fraught with the danger of prejudice that what is actually on the recording can serve only to exacerbate the prejudice." (469 So.2d at p. 925.)

The present case can also be analogized to numerous California cases holding it is misconduct for a juror to refer to a dictionary for the definition of a term used but not defined in an instruction. (*Glage* v. *Hawes Firearms Co.* (1990) 226 Cal.App.3d 314, 323 [276 Cal.Rptr. 430], and cases cited therein.)

Here, Juror Leon committed misconduct by failing to rely on the court interpreter's translation, as she promised she would during voir dire. She committed further misconduct by sharing her personal translation with her fellow jurors thus introducing outside evidence into their deliberations.

If Juror Leon believed the court interpreter was translating incorrectly, the proper action would have been to call the matter to the trial court's attention, not take it upon herself to provide her fellow jurors with the "correct" translation.

II. UNDER THE FACTS OF THIS CASE, A JUROR'S RETRANSLATION OF "TOUCH" TO "PUSH" DID NOT PREJUDICE THE DEFENDANT.

■ Once juror misconduct is established, a presumption of prejudice arises. The burden is on the People to rebut this presumption or the affected conviction will be reversed. (*People* v. *Marshall*, *supra*, 50 Cal.3d at p. 949.) The standard to be applied to determine whether the presumption of prejudice has been rebutted was articulated in *Marshall*:

"A judgment adverse to a defendant in a criminal case must be reversed or vacated 'whenever . . . the court finds a substantial likelihood that the vote of one or more jurors was influenced by exposure to prejudicial matter relating to the defendant or to the case itself that was not part of the trial record on which the case was submitted to the jury.' [¶] 'The ultimate issue of influence on the juror is resolved by reference to the substantial likelihood

test, an objective standard. In effect, the court must examine the extrajudicial material and then judge whether it is inherently likely to have influenced the juror.' " (50 Cal.3d at pp. 950-951.)

The presumption of prejudice is rebutted if the outside evidence is neutral or irrelevant to defendant's guilt. In *Marshall* a juror told his fellow jurors he had a background in law enforcement and the lack of evidence of prior criminal activity by defendant did not mean the defendant had no criminal record "because juvenile records are automatically sealed at 18 years of age." *(Marshall, supra,* 50 Cal.3d at p. 947.) The court found this statement constituted juror misconduct but was not prejudicial. Even assuming the juror's comment inferred defendant might have a criminal background "such an inference was immaterial under the penalty charge given." *(Id.* at p. 951; see also *People* v. *Sutter* (1982) 134 Cal.App.3d 806, 821 [184 Cal.Rptr. 829] [juror's unauthorized view of the scene not prejudicial because "the scene of the crime was not at issue and there were no conflicts in the evidence . . ."].)

Again looking to dictionary cases, we find the determination of prejudice has turned on the degree of significance the defined word bore to an issue in the case. In *People* v. *Karis* (1988) 46 Cal.3d 612, 645 [250 Cal.Rptr. 659, 758 P.2d 1189], the court held it was misconduct of a juror to look up the definition of "mitigate" and share it with the rest of the jury. The misconduct was found not to be prejudicial, however, because the dictionary definition "may not have been particularly helpful to the jury" in understanding instructions on mitigating circumstances. Furthermore, defendant offered no persuasive argument the jury had been misled in determining mitigating circumstances. On the other hand, in *People* v. *Harper* (1986) 186 Cal.App.3d 1420, 1428 [231 Cal.Rptr. 414], the court observed it would be prejudicial misconduct in a murder case for a juror to substitute a dictionary definition of murder for the definition provided in the trial court's instructions.

 It was irrelevant to the issues in the present case whether defendant "touched" or "pushed" I. in an attempt to get her to perform her household chores. Defendant attempts to forge a link between "pushing" I. and the charges of lewd conduct by arguing if the jurors were led to believe defendant admitted physically disciplining I. they were more likely to believe he committed further mistreatment of a sexual nature. We find this argument too tenuous to establish prejudice. Even if Juror Leon correctly translated defendant's testimony as "push" not "touch" we are not persuaded a reasonable juror would leap from the fact defendant "pushed" I. to get her to do her chores to the conclusion he sexually abused her.

Based on the facts and issues in this case, we cannot find a substantial likelihood exists that one or more jurors voted to convict defendant based on Juror Leon's assertion that defendant testified he "pushed" I. rather than "touched" her as translated by the court interpreter.

### III. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY FAILING TO CONDUCT AN EVIDENTIARY HEARING INTO POSSIBLE PREJUDICIAL MISCONDUCT BY OTHER JURORS.

In *People* v. *Hedgecock* (1990) 51 Cal.3d 395, 415-416 [272 Cal.Rptr. 803, 795 P.2d 1260], the court reaffirmed its conclusion in *People* v. *Pierce, supra,* 24 Cal.3d at page 206, footnote 3, that it is within the trial court's discretion to conduct an evidentiary hearing to determine the truth or falsity of allegations of juror misconduct. The trial court may permit the parties to call jurors to testify at such a hearing. The court cautioned, however:

"This does not mean . . . that a trial court must hold an evidentiary hearing in every instance of alleged jury misconduct. The hearing should not be used as a 'fishing expedition' to search for possible misconduct, but should be held only when the defense has come forward with evidence demonstrating a strong possibility that prejudicial misconduct has occurred."

The declaration of Juror Leon and the report of the public defender's investigator suggest other Spanish-speaking jurors besides Leon made comments to the non-Spanish-speaking jurors about inaccuracies in the court interpreter's translation of testimony. The evidence also suggests where a conflict existed between the court interpreter's translation and the Spanish-speaking jurors' translations, the jury accepted the translation by the Spanish-speaking jurors. The People submitted no counterdeclarations. Therefore, we will assume the truth of these allegations.

The actions of the other Spanish-speaking jurors in retranslating the testimony was misconduct. (See pp. 303-304, *ante.*) However, unlike the retranslation by Juror Leon, the evidence does not show specifically what words the other jurors retranslated.

If the only evidence before the trial court was that one or more jurors had retranslated part of the testimony for other jurors, this might be a sufficient showing to require an evidentiary hearing into exactly what words had been retranslated. Without knowing this, the court could not make an informed decision as to whether the presumption of prejudice was rebutted. (See discussion, *ante,* pp. 304-305.)

In the present case, however, other factors support the trial court's decision not to conduct an evidentiary hearing. First, we note, defendant did not request an evidentiary hearing into the retranslations by the other jurors. He was content to rest on the investigator's report. Second, it is significant that of the three Spanish-speaking jurors, only one, Ms. Leon, came forward with any complaints about the accuracy of the translation. Perhaps most significant, the only inaccuracy Juror Leon could remember was the translation of "touch" for "push." Presumably, a juror would remember the most significant translation mistake. As we have previously held, this mistake was not prejudicial to defendant.

No juror, except Ms. Leon, found the interpreter's errors significant enough to mention to the court. The only error Ms. Leon could remember was minor and did not prejudice the defendant. The defendant did not request an evidentiary hearing. For these reasons, we conclude the trial court did not abuse its discretion in failing to conduct an evidentiary hearing.

## DISPOSITION

The judgment is affirmed. The petition for writ of habeas corpus is denied.

Lillie, P. J., and Woods (Fred), J., concurred.

Appellant's petition for review by the Supreme Court was denied August 14, 1991.