Filed 2/29/16  P. v. Cowans CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062619 |
| v. | (Super.Ct.No. FVI1402380) |
| JOHN PIERRE COWANS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

Esther K. Hong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant John Pierre Cowans appeals his conviction on one count of robbery and one count of possession of a firearm by a felon. He contends that his trial attorney provided constitutionally inadequate representation because she failed to object to law enforcement testimony concerning prior consistent and inconsistent statements made by the victim and her sister, who was a percipient witness.

We will affirm the judgment.

PROCEDURAL HISTORY

Defendant was convicted of second degree robbery (Pen. Code, § 211) and possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)). The jury found true the allegation that defendant was armed with a firearm in the commission of the robbery. (Pen. Code, § 12022, subd. (a).) Defendant waived his right to a jury trial on a prior conviction allegation and admitted that he had suffered a prior strike conviction (Pen Code, § 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), which also constituted a prior serious felony (Pen. Code, §§ 667, subd. (a)).

The court sentenced defendant to a total term of 16 years in state prison.

Defendant filed a timely notice of appeal.

FACTS

On June 24, 2014, 12-year-old A.T. and her sister, A.M., who was then 16 or 17 years old, were sitting on some rocks near their residence on Rimrock Road in Apple Valley. They had just purchased several items of snack food, which were in a black plastic bag along with a pink drinking cup, a cell phone and a phone charger. Defendant approached them on a bicycle. Both girls had seen him before, and in fact A.M. had

2

borrowed $20 from him that morning in order to purchase the snack food items and she had previously ridden his bicycle. Defendant stopped about five feet away from the girls. He said, "Give me the bag." A.T., who had the bag in her hand, gave it to him. She could see that he had a gun in the front of the waistband of his pants. A.M. also saw the gun. Defendant did not put his hand on the gun but may have pulled his shirt up to display it. Both girls were afraid, and after A.T. gave him the bag, they both ran away.

Defendant was apprehended a short while later at a nearby store. His bicycle was parked outside the store and the black plastic bag containing the items the girls had described was on the handlebars. The gun was not visible but was found in the front waistband of defendant's pants. The gun was not loaded.

LEGAL ANALYSIS

DEFENDANT HAS NOT SHOWN THAT HIS ATTORNEY'S

PERFORMANCE WAS DEFICIENT

Defendant contends that his right under the state and federal constitutions to the effective assistance of trial counsel was violated because his attorney failed to object to the testimony of Deputy Ponce, who took the girls' statements after the incident. He contends that to the extent that Deputy Ponce's description of the statements the witnesses made to him was consistent with their trial testimony, it was inadmissible hearsay because it did not meet the criteria of Evidence Code section 1236. He contends that to the extent Deputy Ponce's testimony showed prior inconsistent statements by either witness, his testimony did not meet the criteria of Evidence Code section 1235. He

3

contends it should also have been excluded under Evidence Code section 352 as more prejudicial than probative.

To demonstrate ineffective assistance of counsel, defendant must show both that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) A reviewing court must afford great deference to trial counsel's actions and must presume that the challenged actions constituted sound trial strategy. (*Id.* at p. 689.) The California Supreme Court has "repeatedly stressed 'that "[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.) Here, defense counsel was not asked why she did not object to the challenged testimony, and defendant has not met his burden of demonstrating that there simply could not be any rational tactical reason for failing to object. "'[D]eciding whether to object is inherently tactical, and the failure to object will rarely establish ineffective assistance.' [Citation.]" (*People v. Carrasco* (2014) 59 Cal.4th 924, 985.) Defendant's remedy, if any, lies in a petition for a writ of habeas corpus. (*People v. Mendoza Tello*, at p. 267.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____

J.

We concur:

RAMIREZ _____
P. J.

MILLER _____
J.