[No. B161828. Second Dist., Div. Six. Sept. 17, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JULES FRANK DACHINO, Defendant and Appellant.

**COUNSEL**

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Victoria B. Wilson and Jennifer A. Jadovitz, Deputy Attorney's General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, P. J.**—At a hearing on a suppression motion, a police officer testifies that he searched defendant and found a gun in his waistband. ■ The defendant has standing to contest the legality of the search, even though he denies the search took place.

Jules Frank Dachino appeals a judgment after conviction of possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)) with findings that he suffered six prior serious or violent felony convictions (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). The court sentenced him to 33 years to life in state prison. We conclude the trial court erred by ruling that Dachino lacks standing to challenge the search and seizure of evidence. (Pen. Code, § 1538.5.) We reverse and remand with instructions.

FACTS

Dachino moved to suppress a handgun and other evidence police officers obtained during a search. At the suppression hearing, Officer Shawn Hetherington testified that he and partner Officer Blanca Lopez saw Dachino driving

his car at an "unsafe speed," which he estimated to be 35 miles an hour in a 25-miles-an-hour residential zone. Dachino drove his car into the driveway of an apartment complex. Hetherington and Lopez followed him a short distance in their patrol car and "opted to initiate a traffic stop." Lopez recognized Dachino from a previous encounter and told Hetherington that Dachino was a convicted felon whose "street name" is "Dancer."

Dachino left his car and walked towards the apartment building. Hetherington called out "Dancer." Dachino walked towards the police car. Hetherington testified that he remembered asking Dachino if he was on "parole or probation." He did not "remember what else [they] talked about."

Hetherington asked Dachino if he "could pat him down." Dachino responded that he "had a gun in his back waistband." Hetherington removed a .40-caliber handgun from the rear waistband of Dachino's pants.

Dachino testified that he was not speeding, did not have a gun in his waistband, and the only article that Hetherington took from him were his keys. He said Hetherington said, "I'm detaining you for a robbery," and then handcuffed him. Then "Officer Lopez went up into [Dachino's] home." He later saw her come down the stairs from his apartment holding a gun.

The prosecutor stated that he did not have a "hard copy" of Dachino's last conviction. He asked Dachino's counsel to stipulate that he was on probation with search conditions at the time of the arrest. He said he would submit the documentary proof to the court when he obtained it. Dachino's counsel did not respond. The court stated, "I'll receive that stipulation with the hard copy that will be forthcoming." The record does not reflect whether that proof was submitted.

Melvin Cundiff, a private investigator with 23 years experience as a deputy sheriff, testified for the defense. He retraced the route Dachino traveled. He said it was impossible to exceed or even approach the 25-miles-an-hour speed limit due to the holes in the road, narrowness of the streets, and the turns on the route. The jury convicted Dachino of possession of a firearm.

### Motion to Suppress

The prosecutor argued that Dachino lacked standing to challenge the search because he testified the patdown search "did not produce [the] weapon from his person." He said, "This defendant is claiming these officers planted this weapon on him. Therefore, there is no search." He also argued that Dachino "has no search and seizure [Fourth] Amendment rights based on [his] condition of probation."

The court denied the suppression motion, reasoning that "based on the testimony of the defendant ... he lacks standing."

## DISCUSSION

### Motion to Suppress on Appeal

"In reviewing the denial of a motion to suppress evidence, we view the record in the light most favorable to the trial court's ruling ...." (*People v. Miranda* (1993) 17 Cal.App.4th 917, 922 [21 Cal.Rptr.2d 785].) We "defer to its findings of historical fact" and "determine as a matter of law whether there has been an unreasonable search and/or seizure." (*Ibid.*) "[T]hose who have a legitimate expectation of privacy in the invaded place or seized thing" have standing to challenge a search or seizure. (*People v. Hernandez* (1988) 199 Cal.App.3d 1182, 1189 [245 Cal.Rptr. 513].)

The People contend that "because [Dachino] denied ownership of the gun seized from his waistband, he did not have standing to object to" its seizure. We disagree. Under this theory, if a dishonest police officer lies about the existence of evidence seized from a defendant, the defendant would lack standing in a suppression hearing to contest the officer's testimony. The obvious constitutional infirmity of such a rule requires no further discussion.

The instant case is similar to *People v. Dees* (1990) 221 Cal.App.3d 588 [270 Cal.Rptr. 554], a case conspicuously absent from the People's brief. In *Dees*, the prosecution contended that a defendant's statement to police that he owned a Cadillac was evidence supporting his conviction for possession of the drugs the police found when they searched the car. When the defendant later denied he owned the car, the prosecution successfully argued to the trial court that because of that denial he lacked standing to challenge the search.

The Court of Appeal reversed and held the prosecution was "estopped" to contend that defendant lacked standing. It said its "unequivocal position was that the car and its contents belonged to [defendant] because he said so." (*People v. Dees, supra*, 221 Cal.App.3d at p. 598.) "[T]he People in effect conceded appellant's connection to the car and his expectation of privacy therein." (*Ibid.*) It concluded that the prosecution could not take the contradictory positions that his admission of ownership proved his guilt and his subsequent disavowal of ownership defeated his Fourth Amendment interest. ■ A person's expectation of privacy in a place where the police seize an item is the same whether the person admits or denies ownership of the item. (See *U.S. v. Issacs* (9th Cir. 1983) 708 F.2d 1365, 1368.)

Here Dachino testified that Hetherington searched him and Lopez entered his home. That involved a more intrusive invasion of privacy than in *Dees*.

The prosecution claimed that Dachino's statement that he had a gun in his waistband justified the search and was evidence of his guilt. Dachino testified he did not have a gun in his waistband. But, as in *Dees*, the prosecution may not rely on Dachino's denial that he possessed the gun to defeat his Fourth Amendment interest. (*People v. Dees, supra,* 221 Cal.App.3d at pp. 596, 598.) Moreover, unlike *Dees*, Dachino did not disavow his interest in the places the police searched, his person and his home. ·

The People contend that the court had alternative grounds to deny the suppression motion on the merits. This assumes the court implicitly decided the traffic stop was valid, there was probable cause for the search, and there was a valid probation search. But the court did not reach those issues and we may not speculate that it would have accepted the prosecution's position. (*People v. Cella* (1981) 114 Cal.App.3d 905, 914 [170 Cal.Rptr. 915].)

The People argue that from Hetherington's testimony, we may conclude as a matter of law that he had reasonable suspicion to stop Dachino and probable cause to search. But the evidence was in dispute. Dachino testified he was not speeding, did not have a gun in his waistband, and Lopez took a gun from his home.

Also, the record does not reflect whether the prosecutor submitted the documentary proof to the court that Dachino was on probation with search conditions. It is not clear whether Dachino's counsel stipulated that he had search conditions. The court did not make fact findings, resolve the factual disputes, or determine credibility.

Moreover, even if Dachino was on probation with search conditions, Hetherington did not testify that he conducted a probation search or knew he was on probation. He asked Dachino if he was on parole or probation. But he did not testify what Dachino's answer was because he could not remember the details of the conversation.

Because the court ruled solely on the issue of standing, we do not speculate whether it implicitly rejected Dachino's contentions on the merits. (*People v. Cella, supra,* 114 Cal.App.3d at p. 914.) Dachino had the right to a ruling on all the suppression issues. (*Ibid.; People v. Dees, supra,* 221 Cal.App.3d at p. 598.) Even if he was on probation and therefore had a reduced expectation of privacy, that does not preclude him from challenging unlawful police conduct. (*People v. Reyes* (1998) 19 Cal.4th 743, 753–754 [80 Cal.Rptr.2d 734, 968 P.2d 445]; *People v. Wilkins* (1986) 186 Cal.App.3d 804, 807 [231 Cal.Rptr. 1].) The court erred by accepting the prosecution's position that it did not have to decide Dachino's claims that Hetherington lied and Lopez "planted" the gun.

The court's error is not harmless. Dachino's conviction was based on evidence seized as a result of the search. (*People v. Dees, supra,* 221 Cal.App.3d at p. 598.) Had that evidence been suppressed, the prosecution may not have been able to proceed to trial. "[T]he issue at trial was whether defendant possessed [a firearm], not whether the [police] acted unlawfully." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 265 [62 Cal.Rptr.2d 437, 933 P.2d 1134].)

The judgment is reversed. On remand, Dachino is entitled to an adequate suppression hearing with findings on all suppression issues. (*People v. Dees, supra,* 221 Cal.App.3d at p. 598; *People v. Henderson* (1990) 220 Cal.App.3d 1632, 1654 [270 Cal.Rptr. 248]; *People v. Cella, supra,* 114 Cal.App.3d at p. 914.)

The judgment is reversed and the cause remanded.

Coffee, J., and Perren, J., concurred.