Filed 10/23/15  P. v. Henson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C076361 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12253) |
| v. | |
| JOSEPH RICHARD HENSON, | |
| Defendant and Appellant. | |

A jury convicted defendant Joseph Richard Henson of transporting or giving away more than 28.5 grams of marijuana.  (Health & Saf. Code, § 11360, subd. (a).)[1]  The trial court placed defendant on three years' formal probation.

---

[1] Defendant initially pleaded no contest to the charge, but the trial court rejected the plea at sentencing.

On appeal, defendant contends trial counsel was ineffective for failing to file a motion to suppress the marijuana. We affirm.

## BACKGROUND

On December 8, 2010, California Highway Patrol Officer Leo Smith completed a declaration of probable cause in support of a warrant to arrest defendant. According to the declaration, on December 1, 2010, Officer Smith was contacted by a United Parcel Service (UPS) employee regarding a box containing suspected marijuana left by a customer going by the name of John Smith. The UPS employee heard noise from the box, so he opened it to check for damage. The box contained a package, which he also opened. The package was wrapped in Christmas present paper and double-wrapped in yellow envelopes. The employee opened this package and found "in plain view loose chips, red pieces, and something wrapped in aluminum foil packaged in a clear container." As he opened the container, the UPS employee detected a strong odor of marijuana. Upon smelling the marijuana, he telephoned Officer Smith at about 2:45 p.m.

Officer Smith arrived at the UPS facility at around 4:20 p.m. He could smell the strong odor of marijuana from the opened box. Officer Smith "looked into the box and located a clear plastic container that contained several loose corn chips, red 'Hot Tamale' type candies, and an item wrapped in aluminum foil." He "opened the aluminum foil and noticed three bundles of a green leafy substance, suspected marijuana wrapped in red see through wrapping." The substance later tested positive for marijuana. The package contained 377.97 grams of marijuana.

Information on the shipping label was used to trace the package to defendant, whom the UPS employee identified in a photographic lineup as the customer who mailed the package.

The following testimony was presented at defendant's trial.

Kevin Christensen worked at the UPS center in Olivehurst. On December 1, 2010, a man identifying himself as John Smith dropped off a package. While processing the

2

package, Christensen heard a rattling noise, as if something were loose inside. He opened the package to see if the contents were damaged. The package contained a plastic container that was inside two padded envelopes. The plastic container also had wax all around the edge where it closed. Christensen opened it and found potato chips and Hot Tamales candies, the source of the rattling sound. The plastic container also contained "some wrapped-up items inside a foil." The items appeared suspicious because Christensen smelled marijuana as soon as he opened the container. After seeing the items and smelling the marijuana, he called Officer Smith. At trial, Christensen identified defendant as the person who dropped off the package.

Officer Smith was in charge of parcel interdiction for the Yuba-Sutter Narcotics Enforcement Team between September 2010 and September 2012. He responded to Christensen's call about a suspicious package on December 1, 2010. Officer Smith saw the suspicious package, which "was consistent with someone who would be shipping something illegal." He also noticed "that the contents resembled marijuana."

Officer Smith saw that a wax seal around the container was broken. Inside the container he "observed a bundle of marijuana, essentially, that was wrapped in a red, see-through plastic wrap." Asked if he saw "other wrapping in that box," Officer Smith answered: "There was some Christmas paper. There was some aluminum foil. There were two of the manila covered -- colored envelopes." The plastic container was outside the envelopes when he saw it.

Officer Smith eventually seized the marijuana and placed it into evidence. Typically, he would look into the package to make sure there was nothing dangerous inside, such as chemicals, weapons, or bombs. Officer Smith then drove it to the evidence room, where he removed the items and photographed them in "what they were contained in at the time." According to Officer Smith, "[e]ach one of these packages contains the Ziploc bag that the marijuana was in, inside of the red cellophane or plastic

wrap packaging." Using the sender's address on the outside of the package that was to be mailed, Officer Smith was able to identify defendant as the person who sent the package.

The parties stipulated that four Ziploc bags containing a total of 377.97 grams of marijuana were recovered from the container.

## DISCUSSION

Defendant contends trial counsel was ineffective in failing to file a motion to suppress the marijuana as the product of an illegal search.

" ' "[I]n order to demonstrate ineffective assistance of counsel, [the appellant] must first show counsel's performance was 'deficient' because his 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms.' [Citation.] Second, he must also show prejudice flowing from counsel's performance or lack thereof. [Citation.] Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations.]" [Citation.]' " (*People v. Avena* (1996) 13 Cal.4th 394, 418.)

According to defendant, the record shows that Christensen opened the initial package and the plastic container therein, but did not open the aluminum foil-wrapped package in which the marijuana was ultimately found. He asserts that Officer Smith opened the previously unopened aluminum foil package without a search warrant and discovered the marijuana. He concludes that opening the aluminum foil was an illegal search because there was no warrant and it was more intrusive than the search already conducted by the private party, Christensen. (See *United States v. Jacobsen* (1984) 466 U.S. 109, 117-118 [80 L.Ed.2d 85, 97] [Fourth Amendment implicated when "authorities use information with respect to which the expectation of privacy has not already been frustrated" by the search of a private party]; *People v. Wilkinson* (2008) 163 Cal.App.4th 1554, 1570 ["the Fourth Amendment's protections do apply to a government search conducted after a private search to the extent the government's

4

inquiry is more intrusive or extensive than the private search"].)  Claiming there is no justification for Officer Smith's warrantless search, defendant contends trial counsel's failure to challenge the search with a suppression motion constituted ineffective assistance.

While the arrest warrant affidavit is consistent with defendant's version of events, the trial testimony is more equivocal as to whether Officer Smith opened the aluminum foil and found the marijuana or whether the marijuana was in plain sight when he arrived. While Christensen's testimony states the packages were wrapped in foil and not opened by him, Officer Smith testified that he "observed a bundle of marijuana, essentially, that was wrapped in a red, see-through plastic wrap" within the open plastic container.  He also saw "some Christmas paper.  There was some aluminum foil.  There were two of the manila covered -- colored envelopes" within the open container, but his testimony does not indicate that the marijuana was wrapped in an opaque material like aluminum foil.

"An appellate court should not declare that a police officer acted unlawfully, suppress relevant evidence, set aside a jury verdict, and brand a defense attorney incompetent unless it can be truly confident all the relevant facts have been developed and the police and prosecution had a full opportunity to defend the admissibility of the evidence." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 267.)  The facts upon which defendant relies were not submitted in the context of determining whether an illegal search took place; the legality of the search was irrelevant to the issues of probable cause to arrest or defendant's guilt on the charged offense.  In light of the equivocal evidence in the record regarding the search, we cannot say we are truly confident that all relevant facts have been developed or that the prosecution has had the opportunity to defend Officer Smith's actions.  Thus, defendant's ineffective assistance of counsel claim, if any, must be pursued in a habeas corpus proceeding.  (*Id*. at p. 268 ["Rather than attempt to glean inferences from a record where the critical questions were irrelevant and unasked, we do not reach the merits of that issue"].)

## DISPOSITION

The judgment is affirmed.

           RAYE       , P. J.

We concur:

      ROBIE      , J.

      DUARTE     , J.