Filed 2/11/21  P. v. Wells CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES CARTER WELLS,<br><br>    Defendant and Appellant. | F080461<br><br>(Super. Ct. No. F14903226)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Appellant.

-ooOoo-

---

[*]Before Detjen, Acting P.J., Peña, J. and Meehan, J.

## INTRODUCTION

A jury convicted defendant James Carter Wells in 2014 of corporal injury to a spouse (Pen. Code, § 273.5, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), and misdemeanor vandalism (§ 594, subd. (a)(2)). The court found true allegations defendant had suffered two prior serious felony convictions (§ 667, subd. (a)) in addition to other enhancement allegations.

Defendant appealed the judgment and our court remanded the matter to the trial court to conduct a resentencing hearing to consider whether to strike defendant's prior serious felony enhancements in light of the passage of Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393). At resentencing in 2019, the trial court reimposed a $4,500 state restitution fine (Pen. Code, § 1202.4, subd. (b)), a $120 court security fee (*id.*, § 1465.8), and a $90 criminal conviction assessment (Gov. Code, § 70373). Defense counsel did not object to the imposition of the fines and fees. Defendant now asserts his counsel provided ineffective assistance during the resentencing hearing by failing to request an ability to pay hearing in light of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Duenas*).

We affirm the judgment.

## FACTUAL BACKGROUND

Defendant and D.B. (the victim) were in a long-term romantic relationship. On April 6, 2014, they had an argument. According to the victim, defendant choked her and warned her not to "disrespect his house." When the victim left defendant's house in her car, defendant threw a brick into the driver's side window, shattering the glass.

A jury convicted defendant of corporal injury to a spouse (Pen. Code, § 273.5, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), and misdemeanor vandalism (§ 594, subd. (a)(2)) in connection with the incident. Following a bifurcated trial, the court found true allegations defendant personally used a deadly and dangerous weapon, a brick, in connection with the incident (§ 12022, subd. (b)(1)), that he had

suffered a prior strike conviction (§§ 667, subds. (b)–(i)), 1170.12, subds. (a)–(d)) and two prior serious felony convictions (§ 667, subd. (a)), and that he had served a prior prison term (§ 667.5, subd. (b)). Based on the verdicts, the court sentenced defendant to 15 years in prison. The sentence included consecutive five-year enhancements for each prior serious felony conviction and a one-year enhancement for the prior prison term.

Defendant appealed the judgment, and, in an unpublished opinion, our court affirmed in part, reversed in part, and remanded for resentencing for the court to exercise its newfound discretion pursuant to Senate Bill 1393. (See *People v. Wells* (July 16, 2019, F070212).) At the resentencing hearing in December 2019, the court reimposed a $4,500 state restitution fine (Pen. Code, § 1202.4, subd. (b)), a $120 court security fee (*id.*, § 1465.8), and a $90 criminal conviction assessment (Gov. Code, § 70373). Defense counsel did not object to the imposition of the fines and fees.

Defendant filed the instant appeal in our court on December 16, 2019. On February 14, 2020, his appellate counsel sent a letter to the trial court requesting the court stay the imposed $4,500 state restitution fine and require the People to establish defendant had the ability to pay it. Counsel further asked the court to reverse the imposition of the court security fee and the criminal conviction assessment pursuant to *Dueñas*, *supra*, 30 Cal.App.5th 1157. She attached documentation from the California Correctional Health Care Services verifying defendant has a permanent disability affecting his mobility, impairing his balance, and limiting his ability to lift more than 19 pounds. The documentation reports defendant's orthopedic condition as follows: "Bone disease of spine, Severe orthopedic conditions of hips, knees, ankles, feet, or upper extremity." Counsel further explained, though the probation report states defendant worked in custom engraving, defendant reported to her he had worked as a mechanic his whole life. Counsel continued, "Regardless, [defendant's] disability will prevent him from working both while incarcerated and once he is released." The appellate record does not reflect the court has ruled on defendant's request.

3.

**DISCUSSION**

In his sole issue, defendant argues his counsel was ineffective in failing to request an ability to pay hearing at the resentencing hearing.

### 1.    Relevant Procedural History

The probation report referenced by the court at the initial sentencing hearing provides defendant reported he is "not in the best of health." The report further states, "[D]efendant indicated that he suffers from a bad heart, three blown discs in his back, high blood pressure, and various ailments from having had a stroke, such as being numb on the left side of his body. He stated that he is prescribed and takes, 13 different types of medications for his heart, high blood pressure medication, and Tylenol for his back." At the initial sentencing hearing, the court acknowledged and considered defendant's health before sentencing defendant and imposing the fees and fine that were later reimposed and which he now challenges.

### 2.    Standard of Review

A defendant claiming ineffective assistance of counsel must satisfy the two-part test of *Strickland v. Washington* requiring a showing of counsel's deficient performance and prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) As to deficient performance, a defendant "must show that counsel's representation fell below an objective standard of reasonableness" measured against "prevailing professional norms." (*Id.* at p. 688.) In evaluating trial counsel's actions, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (*Id.* at p. 689; see *People v. Dennis* (1998) 17 Cal.4th 468, 541.) Thus, a defendant must overcome the presumption that the challenged action might be considered sound trial strategy under the circumstances. (*Strickland*, *supra*, at p. 689; *People v. Dennis*, *supra*, at p. 541.) "Reasonableness must be assessed through the likely perspective of counsel at the time." (*People v. Ochoa* (1998) 19 Cal.4th 353, 445.)

4.

The prejudice prong requires a defendant to establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington*, *supra*, 466 U.S. at p. 694.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Ibid.*)

### 3.    Applicable Law

In *Dueñas*, the defendant lost her driver's license because she was financially unable to pay her juvenile citations. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1161.) She continued to reoffend for driving with a suspended license because the aggregating criminal conviction assessments and fines prevented her from recovering her license. (*Ibid.*) The *Dueñas* court described this as "cascading consequences" stemming from "a series of criminal proceedings driven by, and contributing to, [the defendant's] poverty." (*Dueñas*, at pp. 1163–1164.) The *Dueñas* court concluded the defendant faced ongoing unintended punitive consequences because of her inability to pay. (*Id.* at p. 1168.) *Dueñas* determined those unintended consequences were "fundamentally unfair" for an indigent defendant under principles of due process. (*Ibid.*) *Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas*, at p. 1164; see *id.* at p. 1167.)

### 4.    Analysis

Defendant contends his trial counsel was deficient in failing to object to the fines and fees imposed at the resentencing hearing because *Duenas* had issued months prior and, accordingly, defense counsel should have been aware an objection to the fines and fees was appropriate and necessary. He argues the failure to object could not have been a tactical decision; rather, there was no satisfactory explanation for it. He contends a more favorable verdict was reasonably possible if his counsel had objected. In support,

5.

defendant asserts he is 56 years old and serving a 14-year sentence. He notes the probation report, prepared in 2014, reflected he suffered from a bad heart, three "blown discs" in his back, high blood pressure, and various ailments after suffering a stroke; thus, "it does not appear [he] could work while incarcerated." He argues the record does not suggest he has any special work skills, and it could take him over 32 years to pay the fines and fees imposed at the prison wage rate. On this basis, he seeks remand for the court to stay the $4,500 restitution fine pending an ability to pay hearing and to strike the $120 court security fee and $90 criminal conviction fee. The People respond the issue is not properly before our court because, pursuant to Penal Code section 1237.2, defendant raised his complaint in a written letter to the trial court, which the trial court has not yet ruled upon. They argue the purpose of section 1237.2 would be frustrated if our court issued a ruling before the trial court issues its ruling. They further contend any alleged ineffective assistance was cured by defendant's letter to the trial court. They also assert defendant does not argue the imposed fines and fees were improper, thereby forfeiting that argument. Finally, they assert counsel was not ineffective for failing to challenge the fines and fees. In support, the People argue defendant did not show an inability to pay the nonpunitive assessments in the trial court and he had no constitutional right to an ability to pay hearing for the restitution fine. Additionally, they contend the fine was not unconstitutionally excessive. Finally, they argue the lack of a request for an ability to pay hearing regarding the nonpunitive assessments (the court security fee and criminal conviction assessment) was harmless because nothing in the record establishes defendant "did not have the present ability to pay the relatively small fines." In his reply, defendant asserts section 1237.2 only requires him to make a motion in the trial court, but there is no requirement the trial court must rule on the motion.

Penal Code section 1237.2 provides that "[a]n appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant

6.

first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction."  The section "only applies in cases where[, as here,] the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." (*Ibid*.)  "'"'As in any case involving statutory interpretation, our fundamental task … is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.]'"'" (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)  "'"'We begin by examining the statute's words, giving them a plain and commonsense meaning.'"'" [Citation.]" (*Ibid*.)  "We must follow the statute's plain meaning, if such appears, unless doing so would lead to absurd results the Legislature could not have intended. [Citations.]" (*People v. Birkett* (1999) 21 Cal.4th 226, 231.)

First, we agree with defendant that he has complied with the plain language of Penal Code section 1237.2 by submitting a letter raising his challenge to the imposed fine and fees below.  We further note the plain language of section 1237.2 does not expressly require a defendant to secure a ruling on his or her motion for correction before proceeding with an appeal.  However, we conclude defendant's claim fails on its merits.

"'If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation. [Citation.]  Otherwise, the claim is more appropriately raised in a petition for writ of habeas corpus.'" (*People v. Gray* (2005) 37 Cal.4th 168, 207.)  "'Failure to object rarely constitutes constitutionally ineffective legal representation.'" (*Ibid*.)

7.

Here, the record does not indicate why defendant's counsel failed to object to the imposition of the fees and restitution fine. It is possible defendant's attorney could have known defendant had the ability to pay the fine and fees and concluded that an objection would have been futile. Indeed, the probation report lists defendant's "Current Net Income" as $50,000 yearly. Defendant does not assert this representation is incorrect either on appeal or in his counsel's letter to the trial court. (See *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 [understandable for counsel not to object to imposed fines and fees in light of defendant's lengthy employment history]; accord, *People v. Ochoa*, *supra*, 19 Cal.4th at p. 463 ["Representation does not become deficient for failing to make meritless objections"].) Thus, defendant fails to meet his burden to affirmatively show error on the record before us, and his claim must fail. (See *People v. Gamache* (2010) 48 Cal.4th 347, 378; accord, *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266 [claim of ineffective assistance of counsel must be rejected if "'"the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] … unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation"'"].)

Furthermore, even if we were to assume a reasonably diligent advocate would have objected to the imposition of the restitution fine and challenged fees, defendant fails to establish counsel's omission resulted in prejudice. Here, defense counsel sought a continuance during the initial sentencing hearing to gather additional medical documents evidencing defendant's physical condition. The court noted it would take the probation report's discussion about defendant's health issues as "accurate" and it did not know whether seeing medical reports would make any difference when defendant's condition was made clear in the probation report. Defense counsel acknowledged she wanted to make sure the court was aware of defendant's poor health and to take it into consideration when sentencing defendant. Before sentencing defendant, the court acknowledged it must consider defendant's health issues, but it noted defendant "had these same health

8.

issues at the very time that he followed [the victim] out of the home, picked up a brick, threw it at her car, not once, but twice ….” The court then proceeded to sentence defendant and impose the fine and fees it later reimposed and which defendant now challenges.

This record reflects defense counsel emphasized defendant’s health issues in seeking leniency at sentencing and the court was aware of defendant’s poor health when it initially sentenced defendant and imposed the same fine and fees. Accordingly, we cannot conclude it is reasonably probable a more favorable result was likely if defense counsel had objected to the imposed fine and fees on this basis. Additionally, given the representation in the probation report that defendant’s “Current Net Income” was $50,000 yearly, which he does not challenge, we also cannot conclude on the record before us that it is reasonably probable the court would have amended the restitution fine if defense counsel had requested an inability to pay hearing. Thus, we cannot conclude defendant has established ineffective assistance of counsel on the record before us. (See *People v. Hart* (1999) 20 Cal.4th 546, 624 [to establish ineffective assistance of counsel “‘prejudice must be affirmatively proved’”].)

We reject defendant’s sole contention.

## DISPOSITION

We affirm the judgment.

9.