Filed 2/25/21 P. v. Martinez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B298512 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA466051) |
| v. | |
| HECTOR MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David V. Herriford, Judge. Affirmed.

Gail Harper, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

In March of 2018, Marcus Brown and Luis Cabrera purchased beer at a liquor store owned by defendant and appellant Hector Martinez. In the course of the transaction Brown and Cabrera offended Martinez, and a fight broke out between the two men and Martinez and his two sons, who were also in the store that day. Martinez stabbed Brown, who died from the wound several hours later.

The jury found Martinez guilty of second degree murder (Pen. Code, § 187 [count 1]),[1] and found true the allegation that he used a deadly and dangerous weapon, a knife, in commission of the murder (§ 12022, subd. (b)(1)). He was sentenced to 15 years to life, plus 1 year for the weapon enhancement. Martinez timely appealed.

We appointed counsel. After reviewing the record, counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On November 2, 2020, we advised Martinez that he had 30 days to submit any contentions or issues he wished us to consider.

On December 4, 2020, Martinez filed a supplemental brief contending that the key witness for the prosecution lied and that defense counsel "failed to get evidence and or video 'proof' that was readily available" to disprove the witness's statements.[2] He did not otherwise identify the evidence he

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We accepted the late-filed brief.

2

contends trial counsel could have obtained and offered, nor did he specify how such purported evidence would have made a more favorable outcome reasonably probable. (*Strickland v. Washington* (1984) 466 U.S. 668, 693 [to establish ineffective assistance of counsel defendant must demonstrate prejudice]; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267 [where the record on appeal sheds no light on why counsel failed to act in the manner challenged, an ineffective assistance claim must be rejected, and such a claim is more appropriately decided in a habeas corpus proceeding].) Martinez expressed regret for his actions and explained that he was not initially truthful with the police about what happened in the store because he panicked.

We have examined the entire record. We are satisfied no arguable issues exist and that Martinez's appellate counsel has fully satisfied her responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra,* 25 Cal.3d at p. 441.)

The judgment is affirmed.


MOOR, J.

We concur:



RUBIN, P. J.                    BAKER, J.


3