Filed 5/6/22  P. v. Estrada CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VICTOR JAVIER ESTRADA,<br><br>Defendant and Appellant. | F081367<br><br>(Super. Ct. No. F14905128)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

John P. Dwyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Detjen, Acting P. J., Franson, J. and Smith, J.

This matter is back before us after a prior appeal that resulted in a remand for resentencing in light of Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill No. 620), which retroactively amended Penal Code section 12022.53, subdivision (h).[1] Defendant Victor Javier Estrada now raises a claim of ineffective assistance of counsel with respect to the resentencing. We conclude his claim is not appropriate for resolution on direct appeal. Accordingly, we affirm.

## BACKGROUND

The underlying facts of this matter are fully set forth in our prior opinion and we need not repeat them here. (See *People v. Estrada* (Jan. 16, 2018, F073329) [nonpub. opn.].) We will, however, outline the procedural history of the case for context.

Estrada was charged by an information filed in the Fresno County Superior Court with one count of murder. (§ 187, subd. (a).) The murder charge was accompanied by a drive-by shooting special circumstance allegation under section 190.2, subdivision (a)(21) (i.e., that the murder was committed by shooting a gun from a motor vehicle with the intent to kill). The special circumstance allegation subjected Estrada to a sentence of life imprisonment without the possibility of parole (LWOP). A firearm enhancement allegation under section 12022.53, subdivision (d), for "personally and intentionally" discharging a firearm and proximately causing great bodily injury or death, was also attached to the murder charge. This enhancement requires imposition of an "additional and consecutive" term of 25 years to life, beyond the sentence for the underlying offense.

A jury found Estrada guilty of first degree murder and found true both the special circumstance allegation as well as the firearm enhancement allegation. The court imposed a mandatory LWOP sentence for the special circumstance murder and a mandatory consecutive sentence of 25 years to life for the firearm enhancement.

---

[1] Undesignated statutory references are to the Penal Code.

In his initial appeal, Estrada argued the drive-by shooting special circumstance statute was unconstitutional.  Estrada further argued Senate Bill No. 620, which amended the relevant firearm statute to make application of the enhancement discretionary, was retroactive, necessitating remand for resentencing under the amended law.  Senate Bill No. 620 became effective after Estrada's trial and sentencing and added the following language to firearm enhancement provisions in sections 12022.5 and 12022.53:  "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."  (§§ 12022.5, subd. (c), 12022.53, subd. (h); Stats. 2017, ch. 682, §§ 1, 2.)  The legislation thus granted trial courts new discretion to strike firearm enhancements arising under sections 12022.5 and 12022.53.

In resolving Estrada's initial appeal, we concluded the drive-by shooting special circumstance was neither facially unconstitutional, nor was it unconstitutionally applied in Estrada's case.  Accordingly, we affirmed the judgment of conviction.  As for Estrada's sentencing argument, we agreed with Estrada that the amendment effected by Senate Bill No. 620 was retroactive.  Estrada's sentence was vacated, and the matter remanded for resentencing, to give the trial court the opportunity to exercise its newly acquired discretion as to whether to impose or strike the firearm enhancement at issue.

**DISCUSSION**

## I.    Ineffective Assistance of Counsel

The trial court resentenced Estrada on June 25, 2020.  At resentencing, Estrada's counsel moved to dismiss the section 12022.53, subdivision (d), 25-years-to-life firearm enhancement.  Counsel sought outright dismissal of the enhancement, rather than asking for outright dismissal *or* imposition of a lesser firearm enhancement, such as a 10- or 20-year firearm enhancement pursuant to sections 12022.53, subdivisions (b) and (c), respectively.  Counsel could properly have asked for imposition of a lesser firearm enhancement, such as the 10- or 20-year firearm enhancement, because an existing,

published decision of the First District Court of Appeal, *People v. Morrison* (2019) 34 Cal.App.5th 217, 221-225 (*Morrison*), held that a trial court could exercise its discretion to impose or strike a charged enhancement, or impose an uncharged lesser enhancement. (*Morrison*'s holding was subsequently adopted by our Supreme Court in *People v. Tirado* (2022) 12 Cal.5th 688 ["*Morrison* correctly described the scope of a trial court's sentencing discretion under section 12022.53."]).)[2]

At Estrada's resentencing, the trial court reimposed the previous sentence, declining to strike the 25-years-to-life firearm enhancement. (§ 12022.53, subd. (d).) In considering whether to strike the 25-years-to-life firearm enhancement, the trial court had noted it found "more than troubling" the fact that, after Estrada committed the present offense, he committed another offense, that is, assault with a deadly weapon (ADW), with a gang enhancement. The court added: "[H]ad it not been for the intervening conduct I think this would be a much closer call."

The standard for ineffective assistance of counsel is well established. First, Estrada must show that trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. (*People v. Hernandez* (2004) 33 Cal.4th 1040, 1052-1053; *Strickland v. Washington* (1984) 466 U.S. 668, 687.) Second,

---

[2]    At the time of Estrada's resentencing hearing, another published appellate court opinion, *People v. Tirado* (2019) 38 Cal.App.5th 637, had been issued, with review granted by the California Supreme Court on November 13, 2019 (S257658). In *People v. Tirado*, a panel of the Fifth District Court of Appeal held that a trial court had no discretion to impose an uncharged lesser enhancement (*id.* at pp. 643-644); the Supreme Court subsequently reversed the appellate decision in that case. Estrada argues that trial counsel's "evident unfamiliarity with *Morrison* and the fact that the Supreme Court granted review in *Tirado* and other cases violated her Sixth Amendment duty to Estrada to conduct a 'thorough investigation of law.' " Estrada further notes, citing *Hinton v. Alabama* (2014) 571 U.S. 263, 274, that " [a]n attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*.' " This argument cannot be addressed on direct appeal as the record does not permit us to conclude that counsel was unaware of these legal developments (see below).

4.

Estrada must establish it is reasonably probable that, absent trial counsel's error, the outcome of the proceeding would have been more favorable to him. The latter criterion does not require a showing that the deficient representation more likely than not altered the outcome. Estrada need only show a "reasonable probability" that "the result of the proceeding would have been different." (*Strickland v. Washington*, *supra*, 466 U.S. at p. 694.) A reasonable probability is "a probability sufficient to undermine confidence in the outcome." (*Ibid*.)

Estrada now argues: "Here, there could be no rational tactical purpose in not asking the court, in the alternative, to dismiss the [section 12022.53,] subdivision (d) enhancement [or] to impose the [section 12022.53,] subdivision (b) or the [section 12022.53,] subdivision (c) enhancement. Because counsel's goal was to reduce Estrada's sentence, there is no tactical basis to fail to ask the court, in the alternative, to impose a lesser-included enhancement if the court concluded that dismissing the firearm altogether was unwarranted."

Estrada further argues: "Trial counsel's failure to seek a less-drastic remedy, one that the trial court may have found more acceptable, constituted ineffective assistance of counsel, in violation of Estrada's state and federal constitutional rights. (See Cal. Const. art. I, § 15; U.S. Const. 6th & 14th Amends.) But for counsel's ineffectiveness, there was a reasonable probability that the trial court would have dismissed the [section 12022.53,] subdivision (d) enhancement and imposed either the [section 12022.53,] subdivision (c) or the [section 12022.53,] subdivision (b) enhancement. Therefore, this court should reverse the trial court's ruling and remand the case for a new resentencing hearing."

Estrada contends there was a reasonable probability the trial court would have imposed a lesser, uncharged firearm enhancement had counsel presented that option in the alternative, because several factors militated in favor of such an outcome. First, Estrada was only 21 years old at the time of the offense. Second, the firearm enhancement conduct involved the identical conduct for which Estrada received an

5.

LWOP sentence, namely, a drive-by murder. Estrada argues the fact that the "firearm enhancement was not based on separate conduct and that Estrada would receive an LWOP sentence for the special circumstance murder" undercut the need to rely on the firearm enhancement to impose a life sentence. Third, Estrada notes evidence in the record that he had successfully participated in multiple prison programs. Finally, Estrada points to the trial court's comment at his resentencing that but for the fact that he committed an ADW with a gang enhancement after the present offense, " 'this would be a much closer call' " for the court. Estrada contends the court's comment indicates that a request for imposition of a lesser firearm enhancement could reasonably have gained some traction with the court, even though the request for outright dismissal of the 25-years-to-life firearm enhancement did not.

In response to Estrada's arguments, the People note: " 'If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, the claim on appeal must be rejected unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.' " (*People v. Lawley* (2002) 27 Cal.4th 102, 133, fn. 9, citing *People v. Mendoza Tello* (1997) 15 Cal.4th 264.)" The People further note, citing *Strickland v. Washington*, *supra*, 466 U.S. at p. 689, that " 'Judicial scrutiny of counsel's performance must be highly deferential …. [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' "

The gravamen of the People's response is as follows: "Here, appellant argues there simply could be no satisfactory explanation for counsel's omission. [Citation.] But, considering that appellant had already been sentenced to life without the possibility of parole for the murder and special circumstance, counsel may have taken an all-or-nothing approach … knowing that a reduction from 25 years to life to 20 or 10 years had no practical effect on appellant's overall time in prison. Indeed, defense counsel's initial and main argument was that the sentence imposed was impermissible since the special

circumstance and firearm enhancement were based on the same facts. [Citation.] Thus, it is quite possible that counsel's strategy was to have the court strike the firearm enhancement entirely, not reduce it."

In light of the high bar applicable to ineffective assistance of counsel claims on direct appeal, we cannot discount the People's argument. (See *People v. Lopez* (2008) 42 Cal.4th 960, 972 ["except in those rare instances where there is no conceivable tactical purpose for counsel's actions, claims of ineffective assistance of counsel should be raised on habeas corpus, not on direct appeal"]; *Yarborough v. Gentry* (2003) 540 U.S. 1, 8 ["The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight."].) We conclude the record does not affirmatively exclude a rational basis for counsel's choice to simply ask for outright dismissal of the firearm enhancement. In light of the mandatory LWOP sentence for Estrada's special circumstance murder conviction, counsel could rationally have concluded an all-or-nothing approach was warranted. Accordingly, Estrada's ineffective assistance of counsel claim fails.

## DISPOSITION

The judgment is affirmed.