Filed 7/26/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B312522 |
| Plaintiff and Respondent, | (Super. Ct. No. 20F-02462) |
| | (San Luis Obispo County) |
| v. | |
| RACE FARRELL FLOWERS, | |
| Defendant and Appellant. | |

"Incredible leniency." This is the Attorney General's description of the trial court's ruling dismissing a "strike" and sparing appellant from a 25 year to life "Three Strikes" sentence. An objective reader might think that appellant would graciously accept this judicial largesse. The reader would be wrong. Appellant seeks to whittle down the sentence even further on appeal. The short answer is, no. The long answer follows.

Appellant was convicted by jury of robbery (Pen. Code,[1] § 211). He waived jury as to the charged enhancements and the trial court, based upon certified records, found true the allegations that he had two serious prior felony convictions (§

_____

[1] All further statutory references are to the Penal Code.

667, subd. (a)) and two "strike" convictions (§§ 667, subds. (d), (e); 1170.12, subds. (b), (c)).

The trial court sentenced appellant to 20 years in state prison (the upper term of five years for the robbery conviction, doubled for a strike (§ 667), and five years each for the two serious prior felony convictions (§ 667, subd. (a)).  It ordered appellant to pay a court operations assessment of $30, a court facilities assessment of $40, and a $5,000 restitution fine.

Appellant contends the trial court erred in imposing the upper term pursuant to section 1170 as it existed at the time, there should be a reversal and remand for resentencing because of recent legislative changes, and the trial court erred in imposing fines and fees without determining ability to pay.

### *Facts*

In November 2019, appellant's codefendant, Alford, entered a check cashing store and pointed a gun at the manager.  He told her to go to the safe.  He bound her face, legs, and wrists with duct tape.  He warned her not to "look up or go out [of the room]" or "somebody will get mad."  The manager saw Alford take money from the front register, later determined to be $2,122.  When Alford left, the manager was able to call the police.

In a photo show-up, the manager recognized appellant as a previous customer.  Another witness identified appellant in a photo show-up as one of two people she saw walking toward the check cashing store at the time of the robbery.

Cellphone records showed appellant's phone was in the vicinity of the check cashing store at the time of the robbery.  There were also several calls and communications between Alford's and appellant's cellphones before, during, and after the robbery.  Appellant's phone records showed internet searches

2

before the robbery for the phone number of the check cashing store, and after the robbery regarding its commission.

### *Sentencing*

The probation report, which the sentencing court was required to consider (§ 1203, subd. (b)(3)), included a summary of appellant's prior record. He had 16 felony and misdemeanor convictions between 1994 and 2019. The report listed five factors in aggravation: (1) the manner in which the crime was carried out indicates *planning*, sophistication, or professionalism, (2) engagement in violent conduct which indicates a serious danger to society, (3) prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness, (4) prior prison terms, and (5) prior performance on probation or parole was unsatisfactory. The probation report listed no factors in mitigation.

After striking one of appellant's strike priors, the trial court selected the upper term of five years for the robbery conviction, and explained, "I selected the upper term because of your long and significant criminal history, and because of the numerous factors in aggravation." As indicated, appellant was sentenced to 20 years in state prison. The present prison term is his fifth time he has been sent to prison. Prior to this commitment, appellant was sentenced to prison in (1) 1995, for robbery, (2) 1997, for attempted burglary, (3) 2003, for domestic violence, and (4) 2011, for grand theft.

### *Former section 1170*

Appellant contends the trial court erred in imposing the upper term pursuant to section 1170 as it existed at the time. The People contend that appellant forfeited the issue on appeal because he did not object to the upper term sentence when it was

3

imposed.  We agree the issue is forfeited.  (See *People v. Scott* (1994) 9 Cal.4th 331, 351-354 [defendant cannot challenge trial court's sentencing choice for the first time on appeal because "defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention" at the time of sentencing].)[2]

Even if appellant had objected to the imposition of the upper term under former section 1170, there was no error.[3] Former section 1170 provides that when "a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . .  In determining the appropriate term, the court may consider the record in the case, the probation officer's report, other reports . . . and any further evidence introduced at the sentencing hearing.  The court shall select the term which, in the court's discretion, best serves the interests of justice.  The court shall set forth on the record the reasons for imposing the term selected and the court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law."  (Former § 1170, subd. (b).)

---

2 There is a good reason, and a sound tactical reason, why there was no objection.  The trial court struck a prior "strike." This was a truly lenient ruling saving appellant from a 25 year to life sentence.  Had an objection to the upper term been made and credited, appellant might have received a "Three Strikes" sentence.

3 Because we conclude there was no error, we need not address whether counsel was ineffective for "failing" to object.

Here, the trial court reasoned that the upper term was appropriate because of appellant's "long and significant criminal history, and because of the numerous factors in aggravation." The trial court considered his criminal history, which began in 1994 and was continuous throughout his adult life. The trial court also considered the probation report, which, as indicated, identified several factors in aggravation. Any one of these factors in aggravation constitutes a sufficient basis to support the upper term. (*People v. Osband* (1996) 13 Cal.4th 622, 730.)

Appellant contends the trial court erred in its dual use of his prior strike convictions "as grounds for the upper term sentence." (Former § 1170, subd. (b); Cal. Rules of Court, rule 4.420 (c).) That is not supported by the record. There were three other felony convictions. The trial court did not violate the "dual use" rule, and it did not abuse its discretion in imposing the upper term.

### Senate Bill No. 567

Appellant contends his upper term sentence should be vacated and remanded for resentencing in light of the recent amendments to section 1170, pursuant to Senate Bill No. 567.

Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567) amended section 1170 such that the middle term is now the presumptive term of imprisonment. It did not alter the triad of punishments for robbery. Pursuant to the newly amended law, the trial court *must* "order imposition of a sentence not to exceed the middle term" unless there are "circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true

5

beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(1), (2).) There is an exception to this rule: "[t]he court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

The People concede that the amendment of section 1170 by Senate Bill 567 applies retroactively to appellant because his case is not final on appeal. (See *In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Frahs* (2020) 9 Cal.5th 618, 627-637.) We need not rule on this contention.

We conclude that remand for resentencing is here unnecessary and would be an idle act. The trial court relied upon "numerous factors in aggravation" identified by the probation report. Three of the five factors in aggravation (i.e., prior convictions that are numerous or increasing in seriousness, prior prison term, and prior performance on probation and parole) are readily established by the certified records. They show numerous felony convictions and prior prison terms.

The certified records also show several probation violations, which reflect his poor performance on probation. (See *People v. Towne* (2008) 44 Cal.4th 63, 79-82 [determinations that a defendant's prior convictions are numerous or of increasing seriousness, prior prison term, parole status, and prior unsatisfactory performance on probation or parole may be determined by the record of prior convictions]; *People v. Black* (2007) 41 Cal.4th 799, 815, 819-820, overruled on other grounds in *Cunningham v. California* (2007) 549 U.S. 270 ["determinations whether a defendant has suffered prior convictions, and whether those convictions are 'numerous or of

6

increasing seriousness' [citation], require consideration of only number, dates, and offenses of the prior convictions alleged" and a jury determination on these aggravating factors is not necessary if a record of prior convictions support them].)

Given that several factors relied upon by the trial court, i.e, appellant's criminal history, prior prison terms, and prior poor performance on probation, are supported by the certified records of convictions and that the trial court found no mitigating circumstances, we conclude the trial court's original sentencing decisions should be affirmed.

Phrased otherwise, the record "clearly indicates" that the trial court would not impose a more favorable sentence upon theoretical reversal for resentencing. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; *People v. Flores* (2022) 75 Cal.App.5th 495, 500 [harmless beyond a reasonable doubt standard]; *People v. Salazar* (June 28, 2022, B309803) ___Cal.App.5th___ [2022 Cal.App. Lexis 560].) We ourselves have applied the "clear indication" rule and reversed to allow for resentencing where the standard had not, in our opinion, been met. (*People v. Yanaga* (2020) 58 Cal.App.5th 619, 628 [opn. by Yegan, J., Gilbert, P.J., and Perren, J., concurring].) Application of the rule is, of course, addressed in our judgment. The California Constitution requires us to "opine" on whether or not there has been a miscarriage of justice. (Cal. Const., art. VI, section 13.) We do so and conclude that any error is harmless, and there is no miscarriage of justice here.

### Senate Bill No. 81

Appellant also contends he is entitled to resentencing on his enhancements in light of Senate Bill No. 81's amendment to section 1385. We disagree. Effective January 1, 2022, Senate

7

Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill 81) amended section 1385 to add subdivision (c)(1). (Stats. 2021, ch. 721, § 1.) That subdivision provides: "Notwithstanding any other law, the court *shall* dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (Italics added.) Senate Bill 81 also added subdivision (c)(2), which provides that "the court shall consider and afford great weight to evidence offered by the defendant to prove" various "mitigating circumstances . . . . Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." Senate Bill 81 "shall apply to sentencings occurring *after the effective date of the act* that added this subdivision." (§ 1385, subd. (c)(7), italics added.) Here, the sentencing hearing was held on May 12, 2021 and Senate Bill 81 does not apply. In addition, there are no mitigating circumstances to consider and there is no reason to dismiss any enhancement.

### *Fines and Fees*

Appellant contends the trial court's order imposing a court operations assessment of $30, a court facilities assessment of $40, and a $5,000 restitution fine without determining his ability to pay violated his state and federal right to due process. (*People v. Dueñas* (2019) 30 Cal.App.5th 1157.) He did not object when these fines and fees were imposed at his sentencing hearing in May 2021, which was over two years after *Dueñas* was decided. Therefore, this issue is forfeited. (*People v. Fransden* (2019) 33 Cal.App.5th 1126, 1153-1154; *People v. Greeley* (2021) 70 Cal.App.5th 609, 624.)

8

Appellant argues that trial counsel's 'failure" to object amounted to ineffective assistance of counsel.  But the record is silent as to counsel's reasons, if any, for failing to object.  If ""'"the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.'" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)  In these circumstances, the claim of ineffective assistance is more appropriately decided in a habeas corpus proceeding.  (*Id.* at p. 267.)

## DISPOSITION

The judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

9

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo

_____

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.