Filed 3/28/24 P. v. Delray CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELI TONEY DELRAY,<br><br>    Defendant and Appellant. | B320282<br><br>(Los Angeles County<br>Super. Ct. No. 20HWMH00232) |

APPEAL from a judgment of the Superior Court of Los Angeles County. James M. Dabney, Judge. Affirmed.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Eli Toney Delray appeals from a judgment of commitment declaring him a sexually violent predator (SVP) pursuant to Welfare and Institutions Code[1] section 6600 et seq., known as the Sexually Violent Predator Act (SVPA).  Delray argues many of the prosecution's trial exhibits should not have been admitted, and if those exhibits had not been admitted, then case-specific hearsay related by expert witnesses would not have been admissible.  To the extent he failed to preserve these issues on appeal, he contends he received ineffective assistance of counsel.  We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2020, the People filed a petition for Delray's commitment as an SVP.  In advance of Delray's jury trial, the People described and marked nine exhibits, several of which the prosecutor stated he had redacted.  Delray's counsel did not object to any of these exhibits.

At trial, the People presented the testimony of two percipient witnesses who described a 1982 incident in which Delray watched two young children while he masturbated and then unsuccessfully attempted to kidnap one of them.  The People also presented expert testimony from two forensic psychologists, each of whom had evaluated Delray and concluded he had a diagnosed mental disorder that made him likely to engage in sexually violent predatory acts without appropriate treatment and custody.  Delray's trial counsel did not object to any of the testimony.

---

[1]     Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

Delray presented one forensic psychologist expert witness and the testimony of several individuals who found him friendly, cooperative, and non-threatening when they interacted with him in various capacities at the state hospital where he was confined. Delray's expert witness diagnosed him with pedophilic disorder and antisocial personality disorder, but opined he did not have difficulty controlling his sexual impulses.

At the conclusion of the presentation of evidence, the court instructed the jury and then met with the parties to finalize the exhibits. The court asked for any specific objections to the prosecution's exhibits and acknowledged Delray's personal concern about privacy in his hospital records under the Health Insurance Portability and Accountability Act of 1996 (Pub.L. No. 104–191 (Aug. 21, 1996) 110 Stat. 1936 (HIPAA)). The prosecutor advised the court he had redacted portions of Exhibit 9, a compilation of subpoenaed documents, where they "did not qualify as business records, conclusions about experts, multiple level hearsay, medical data, future activities or events." He said he "tried to go through and take out everything that did not meet the definition."

The court asked Delray's counsel if she had any objection. Counsel indicated Delray's concern about HIPAA had been resolved, "but the objection would be under [*People v.*] *Sanchez* [(2016) 63 Cal.4th 665 (*Sanchez*)] as well."

The court noted this objection and said it would examine the affidavits accompanying the subpoenaed documents. It continued, "As long as the affidavit complies with the Evidence Code and sets out the exceptions for business or official records, then I don't believe that *Sanchez* would apply because it's admissible hearsay. [¶] And it's not getting inadmissible hearsay

3

in through the experts who relied on those portions of the People's exhibits in forming their opinions." The court observed that while the expert witnesses were testifying, no objection was made to the content of their testimony. The court said it assumed Delray had not objected because "there was some stuff they testified to that was in the medical records that they were relying on which would have been responsive to these subpoenas."

The court asked if its assumption was correct, and the prosecutor responded, "Yes, and also statements by Mr. Delray— otherwise would be admissible." The prosecutor stated he had attempted to remove all "second level hearsay."

The court said that unless Delray objected to specific items as not being as described by the prosecutor, it would accept a general objection, but the court would admit the documents over that objection as long as the affidavit set out the requirements of the Evidence Code and the foundation for the hearsay exception involved. The court asked Delray's counsel if it was correct in its understanding that Delray was "raising an objection as to the sufficiency of the three affidavits that were submitted" with the subpoenaed documents. Delray's counsel confirmed that was her objection.

After addressing Delray's contention that it was a HIPAA violation for his personal medical records to be received as evidence and sent to the jury room, and his displeasure that documents pertaining to qualifying offenses would be provided to the jury, the court asked counsel if there were any further issues. Both attorneys responded no. The court said it assumed counsel had already gone through the evidence, but that if defense counsel discovered anything before the next court date that she

4

believed was outside the scope of the petition, she should alert the court, which would rule on any issues before exhibits were sent into the jury room. Counsel raised no evidentiary issues on the next court date.

The jury found Delray to be an SVP, and the court ordered him committed to the Department of State Hospitals. Delray appeals.

## DISCUSSION

I. *Applicable Law*

A. <u>SVPA</u>

The SVPA "allows for the involuntary civil commitment of certain offenders following the completion of their prison terms who are found to be sexually violent predators." (*People v. Yates* (2018) 25 Cal.App.5th 474, 477 (*Yates*).) Section 6600, subdivision (a)(1) defines an SVP as "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600, subd. (a)(1).)

"An alleged SVP is entitled to a jury trial, at which the People must prove three elements beyond a reasonable doubt: (1) the person has suffered a conviction of at least one qualifying 'sexually violent offense,' (2) the person has 'a diagnosed mental disorder that makes the person a danger to the health and safety of others,' and (3) the mental disorder makes it likely the person will engage in future predatory acts of sexually violent criminal behavior if released from custody." (*Yates*, *supra*, 25 Cal.App.5th at p. 477; see also §§ 6600, 6603, 6604.)

5

If the court or jury finds the person is an SVP, then they are committed for an indeterminate term to the custody of the State Department of State Hospitals. (§ 6604.) Following commitment, the SVP is subject to annual mental examinations to determine whether they continue to meet the definition of an SVP. (§ 6604.9, subds. (a), (b).)

B.     *Sanchez*

Under *Sanchez*, expert witnesses may relate matters within their own personal knowledge and information acquired through their training and experience when they testify, but generally they may not "supply case-specific facts about which [they have] no personal knowledge." (*Sanchez, supra,* 63 Cal.4th at pp. 675–676.) "Case-specific facts are those relating to the particular events and participants alleged to have been involved in the case being tried." (*Id.* at p. 676.) "If an expert testifies to case-specific out-of-court statements to explain the bases for his opinion, those statements are necessarily considered by the jury for their truth, thus rendering them hearsay. Like any other hearsay evidence, it must be properly admitted through an applicable hearsay exception." (*Id.* at p. 684.)

II.     ***Forfeiture of Evidentiary Objections***

Delray argues the trial court erroneously admitted documents and portions of documents that should have been excluded as inadmissible hearsay or on other grounds. While it is not always clear whether Delray is objecting to documents in their entirety or only to some of their content, it appears he objects to Exhibits 1, 2, 3, 6, 7, 9A, 9KK, and 9LL in their entirety, and to portions of Exhibits 4, 5, 9B, 9C, 9E, 9F, 9G, 9S, 9T, 9V, 9W, 9Y, 9Z, 9RR, and 9UU. In the trial court Delray did

not raise any of the issues he complains of on appeal. He did not object to any evidence or testimony as it was presented, and after the prosecution had concluded its case, counsel objected, without explanation or argument, to the documents under *Sanchez*. Counsel confirmed she objected to the sufficiency of the three affidavits that had been submitted with the subpoenaed documents and she had no further issues to raise. Although given another opportunity to raise evidentiary issues before the jury received the exhibits, Delray made no further objections.

"A defendant who fails to make a timely objection or motion to strike evidence may not later claim that the admission of the evidence was error [citations] or that the prosecutor committed misconduct by adducing it [citation]." (*People v. Abel* (2012) 53 Cal.4th 891, 924.) When a litigant objects to evidence, they must state the specific ground for the objection, and under Evidence Code section 353, an " 'appellate court's review of the trial court's admission of evidence is then limited to the stated ground for the objection.' " (*Ibid*.) The objection must " 'fairly inform the trial court, as well as the party offering the evidence, of the specific reason or reasons the objecting party believes the evidence should be excluded, so the party offering the evidence can respond appropriately and the court can make a fully informed ruling.' " (*Ibid*.)

We find counsel's vague reference to *Sanchez*, supported by no argument or identification of the evidence claimed to be inadmissible, was insufficient to present any timely or coherent objection to the exhibits or to preserve the issues he argues on appeal. Counsel needed to object to any problematic exhibits on ordinary evidentiary grounds, not under *Sanchez*: as Delray admits, the holding of *Sanchez* made it important for counsel to

7

object to inadmissible hearsay, "but the exhibits were not themselves inadmissible under *Sanchez*." Not only was counsel's *Sanchez* objection undeveloped and insufficient, it was far too late. The time for Delray to object under *Sanchez* to expert testimony that he believed related case-specific hearsay not supported by independently admissible evidence was when that testimony was presented, not after the prosecution had rested its case.

Nor was counsel's objection to the three affidavits supporting the subpoenaed documents that are Exhibit 9 sufficient to preserve the evidentiary issues he now raises on appeal. As Delray acknowledges, "the declarations were facially valid." Moreover, Delray's objection to the affidavits impacts only Exhibit 9, and it therefore could not have preserved his challenges to other exhibits. Finally, for those documents Delray contends were partially inadmissible and should have been redacted (or further redacted), " 'where evidence is in part admissible, and in part inadmissible, "the objectionable portion cannot be reached by a general objection to the entire [evidence], but the inadmissible portion must be specified." ' " (*People v. Burroughs* (2016) 6 Cal.App.5th 378, 408–409.)

Delray argues the trial court "did not do its job properly because in addition to making sure that there was a correct and facially valid affidavit, it was supposed to exclude inadmissible opinions, information about offenses that were not qualifying offenses, and acts, conditions, or events that did not occur at or near the time the document purportedly describing them was created." Delray provides no citation to authority to support his contention that when a party objects to documents on *Sanchez* grounds and to the sufficiency of the affidavits submitted to lay

8

the foundation for a subset of the exhibits, the court nonetheless must sua sponte review all the documents and their redactions for other evidentiary issues.  This is not the law.  "Although a more nuanced analysis of the proffered evidence might have been beneficial, it was not incumbent on the trial court to undertake such an endeavor absent a specific objection and request from counsel." (*People v. Thomas* (2023) 14 Cal.5th 327, 366.) " 'A party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct.' " (*Id.* at p. 367.)

In this case, defense counsel's reference to *Sanchez* and her objection to the affidavits supporting subpoenaed records did not fairly inform the People or the trial court of the arguments Delray now raises on appeal.  Delray's failure to make timely, specific objections on the various grounds he asserts on appeal, and to request redaction of the statements he now argues were inadmissible, constitutes a forfeiture.

## III.  *Ineffective Assistance of Counsel*

Delray argues that to the extent his attorney forfeited any of the claims raised in this appeal by failing to properly object at trial, he received ineffective assistance of counsel.  Generally, "[o]n direct appeal, a [judgment] will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.  All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009; see also *People v. Mayfield* (1993) 5 Cal.4th 142, 188 [when ineffective assistance of counsel claim involves choices that may have been tactical in nature on a silent

9

appellate record, the claim is "better evaluated" in a petition for habeas corpus].)

Delray's briefing on this issue is superficial and conclusory: he simply asserts there could have been no valid tactical reason for not raising the hearsay objections presented in the opening brief.  There is no evidence in the record that Delray's counsel was ever asked why she did not object to the evidence Delray now claims should have been excluded.  Nor can we conclude on this record that defense counsel had no conceivable tactical reason for declining to object to the evidence at issue.  "The decision whether to object to the admission of evidence is 'inherently tactical,' and a failure to object will rarely reflect deficient performance by counsel." (*People v. Castaneda* (2011) 51 Cal.4th 1292, 1335, abrogated on other grounds as recognized in *People v. Hardy* (2018) 5 Cal.5th 56, 100.)  "Although trial counsel may have the duty to protect the record when their client's trial interests are truly at stake, they have no duty to object simply to generate appellate issues.  Sometimes, the best action an attorney can take regarding an available objection is not to make it." (*People v. Riel* (2000) 22 Cal.4th 1153, 1202.)

Because the record does not demonstrate the absence of any rational tactical purpose for trial counsel's failure to make the evidentiary objections he asserts on appeal, Delray's claim is more appropriately decided in a habeas corpus proceeding and must be denied on direct appeal.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267 [a claim of ineffective assistance of counsel relating to " ' "why counsel acted or failed to act in the manner challenged . . ." ' is more appropriately decided in a habeas corpus proceeding"].)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.